LEAR, Judge.
Petitioner herein is the former wife of defendant. Of this union there were born four children, all being still in their minority.
On September 9, 1959, the plaintiff recovered a judgment of separation from bed and board against the defendant herein in Calcasieu Parish. By such judgment she was awarded the care, custody and control of the children.
Thereafter, on March 23, 1960, plaintiff and defendant entered into an agreement entitled “Settlement of Community” whereby they agreed that certain United States Savings Bonds, Series “E”, were the property of their minor children in certain listed numbers and denominations. The agreement also provided “ * * * that the bonds shall be held in trust for said children by James F. Gayle”.
Plaintiff later moved to the state of Arkansas and there filed suit against defendant asking for an absolute divorce in her favor. The complaint for divorce filed in Arkansas also prayed “ * * * that the division of property made by plaintiff and defendant be approved * * * ”. A certified copy of Settlement of Community was incorporated into the proceedings before the Arkansas court, and the divorce decree rendered provided, inter alia:
“That the property settlement made by plaintiff and defendant making a division of property between them should be approved, leaving no property rights to be adjudicated by this Court.”
On February 21, 1967, plaintiff instituted suit, individually, before the Fourteenth Judicial District Court setting forth the facts above recited, but further alleging that no valid trust was created by the execution of the Settlement of Community Agreement, that “ * * * the tutorship of the minors issue of her marriage to the defendant devolved upon her upon the rendition of the judgment of separation from the bed and board of the defendant which awarded her their custody and that as natural tutor to the minors she has the obligation of amassing and administering their property * * * ” and prayed, in forma pauperis, for the issuance of a rule nisi directed to James F. Gayle ordering him to show cause why the alleged trust should not be declared a nullity and why he should not be required to deliver to petitioner those United States Savings Bonds, Series “E”, which are the property of the four minor children.
Defendant answered, asking that the rule be denied and dismissed. Thereafter, defendant filed the peremptory exception *122 of no right of action on the ground that plaintiff had not qualified as natural tutrix of the minor children and the exception of no cause of action predicated upon the proposition that she sued individually, while admitting in her petition that she had no ownership interest in the bonds.
The trial court referred all exceptions to the merits and the matter was called to trial pursuant to regular assignment. At the outset, petitioner moved to offer, introduce and file in evidence certain letters of tutorship showing the appointment on June 6, 1967, of plaintiff as the natural tutrix of the four minor children.
Attorney for defendant strenuously objected to such offering, stating that such offering would be an amendment of the original petition setting forth an additional cause of action requiring service upon the defendant. This objection was overruled and the defendant was ordered to proceed to trial, which resulted in judgment in favor of plaintiff, ordering defendant to deliver to plaintiff the bonds in dispute. This appeal followed.
The trial judge held in effect that the father was not entitled to possession of the bonds under R.S. 9:736, which is the Louisiana Gift to Minors Act, because the procedures set forth in this act were not followed at the time the donation was made by Mr. Gayle and Mrs. Liebendorfer to their minor children.
Plaintiff cites Civil Code Article 1893, which states:
“An obligation without a cause, or with a false or unlawful cause can have no effect.”
as authority for the proposition that Mr. Gayle is not authorized to hold the bonds. With this the court cannot agree inasmuch as the cause for making the donation was reciprocal in nature, the mother donating her interest in return for the father donating his interest in the bonds. The cause for both parents agreeing to donate to their children was not a false or unlawful cause, and the donation is not an invalid obligation.
The court concluded that the mother, as tutrix of the minor children, was entitled to possession of the bonds under authority of Code of Civil Procedure, Article 4262, which states:
“The tutor shall take possession of, preserve, and administer the minor’s property. He shall enforce all obligations in favor of the minor and shall represent him in all civil matters. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.”
The issue in this case appears to be the question of whether or not the condition imposed by donors to the effect that Mr. Gayle would retain possession of the bonds is void as being against public policy or good morals. Civil Code Article 1527 states:
“The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals.”
In the opinion of this court, the mother and father as donors had the clear right to impose this condition in the act of donation.
Permitting Mr. Gayle to retain possession of these bonds on behalf of the minors does not constitute a violation of Code of Civil Procedure Article 4262. The tutor is only obligated to take possession of, preserve, and administer the minor’s interest in property.
In the instant case, the rights or interests of the minors consist of ownership of the bonds in question, which ownership is conditioned upon the bonds remaining in the possession of Mr. Gayle as set forth in the original act of donation.
*123 Defendant argues that the judgment of the lower court is a nullity because it amounts to a determination on the merits rather than a summary matter, and • was rendered in vacation without defendant’s consent or approval. This court is of the opinion that should this be a valid objection, defendant has clearly waived his rights to make such objection by failing to except to the summary procedure. See LSA-C.C.P. Art. 2593.
“A summary proceeding may be commenced by the filing of a contradictory motion or by rule to show cause, except as otherwise provided by law.
“Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required, except as otherwise provided by law. No responsive pleadings to an exception are permitted.”
Comment (d) under this article states as follows:
“The defendant waives any objection to the improper use of summary procedure if he enters upon trial without excepting to the summary procedure.”
Numerous cases are cited after this comment.
For the above reasons, the judgment of the lower court is reversed and judgment is hereby entered rejecting the demands of plaintiff-appellee at her cost.
Reversed and rendered.